**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| William Montague Nix, Jr., | ) | Civil Action No. 5:13-02173-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Bennie Glenn Holbrook and Stevens | ) | |
| Transport, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff William Montague Nix, Jr. ("Plaintiff"), filed this action against Defendants Bennie Glenn Holbrook ("Holbrook") and Stevens Transport, Inc. ("STI"), (collectively "Defendants"), seeking to recover damages for injuries suffered when the car Plaintiff was driving collided with a tractor-trailer operated by Holbrook and owned by STI. (ECF No. 41.)

This matter is before the court on Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production seeking "full and complete responses" to the aforementioned discovery requests. (ECF No. 20.) Defendants oppose Plaintiff's Motion to Compel. (ECF No. 24.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel.

## I. RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff alleges that on January 29, 2013, he was injured while driving "south on Interstate 95 when suddenly and without warning the tractor-trailer owned by . . . [STI] and operated by the . . . Holbrook, began backing up in the emergency lane then suddenly and without warning extended into the lanes of travel on Interstate 95, causing the trailer of the Defendants' tractor-trailer to improperly obstruct both south-bound lanes of Interstate 95 and causing the Defendants' trailer to collide with the Plaintiff's vehicle." (ECF No. 41 at 2 ¶ 8.)

As a result of the injuries he sustained, Plaintiff commenced a negligence action against Defendants on July 12, 2013 in the Orangeburg County (South Carolina) Court of Common Pleas.  (ECF No. 1-1.)  On August 12, 2013, Defendants removed the action to this court asserting "diversity of citizenship between the party Plaintiff and the party Defendants pursuant to 28 U.S.C. §1332" and that "the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00."  (ECF No. 1 at 2 ¶¶ 4, 6.)

On December 19, 2013, Defendants provided Plaintiff with answers to his First Set of Interrogatories and responses to the First Set of Requests for Production.  (ECF Nos. 20-2, 20-3.)  Upon review of Defendants' discovery answers and responses, Plaintiff found insufficient their answers to First Set of Interrogatories Nos. 2–4, 6–7, 12–13, 22–24, 27, 35–38, 39–40, 45–46, 50, 55, 58–62, 64, 67 and 72 and responses to First Set of Requests for Production Nos. 2–3, 10, 13, 17, 20–24, 28–31, 34–35, 37–38, 40, 43–44, 47, 50, and 59–60.  (ECF No. 20 at 2.)  As a result, Plaintiff filed the instant Motion to Compel on June 26, 2014.  (Id.)  Defendants filed a Response to Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and Requests to Produce on July 14, 2014, requesting that the court deny the Motion to Compel as to First Set of Interrogatories Nos. 35–36, 59–60, 62, 64 and 72 and First Set of Requests for Production Nos. 17, 23–24, 40, and 59–60, because these discovery requests "are overly broad, exceed the allowed number of interrogatories, are unduly burdensome, are not reasonably limited in time and scope, and are not reasonably calculated to lead to the discovery of admissible evidence."  (ECF No. 24 at 1.)  On July 16, 2014, Defendants provided Plaintiff with Supplemental Responses to the First Set of Requests for Production and Supplemental Answers to the First Set of Interrogatories.  (ECF Nos. 63-1, 63-2.)  Based on Defendants' supplemental discovery submissions, Plaintiff filed a supplemental memorandum on November 19, 2014,

2

acknowledging that he was now seeking to compel answers to First Set of Interrogatories Nos. 12, 27, 35–38, 55, 62 and 72 and responses to First Set of Requests for Production Nos. 3, 17, 24, 40, 43, 50, and 59–60.  (ECF No. 63 at 2.)

On December 16, 2014 and January 5, 2015, the court heard argument from the parties on the pending Motion to Compel.  (ECF Nos. 73, 77.)

## II.     LEGAL STANDARD

A.     Discovery Generally

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  "For purposes of discovery, then, information is relevant, and thus discoverable, if it 'bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'"  Amick v. Ohio Power Co., No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D. W. Va. Feb. 5, 2014) (citing Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000)).  "Although 'the pleadings are the starting point from which relevancy and discovery are determined . . . [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'"  Id. (citing Kidwiler, 192 F.R.D. at 199).  "Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." Id.  "Therefore, courts broadly construe relevancy in the context of discovery." Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.    Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III.    ANALYSIS

Plaintiff seeks to compel answers to First Set of Interrogatories Nos. 12, 27, 35–38, 55, 62 and 72 and responses to First Set of Requests for Production Nos. 3, 17, 24, 40, 43, 50, and

4

59–60.  (ECF No. 63 at 2.)   The court addresses each disputed discovery request in turn as follows:

> **Interrogatory No. 12:** Please set forth whether you have insurance, including liability insurance, providing coverage for the acts of Defendant Holbrook and/or for Stevens Transport, Inc. as a result of the January 29, 2013 collision and for the injuries and damages sustained by Plaintiffs in said collision.  If so, please furnish the following information.  a) The name and address, policy number and policy limits of the primary liability insurance carrier. b) The name and address[,] policy number and policy limits of any excess liability carrier.
>
> ANSWER: Stevens Transport, Inc. is a qualified and authorized self-insured in accordance with federal operating authority and has coverage for this claim.

(ECF No. 20-2 at 6.)

The Court's Ruling:

Under the plain language of Fed. R. Civ. P. 26(a)(1)(A)(iv), Plaintiff is entitled to discover the "existence and contents" of STI's self-insurance policy.  Id. ("[A] party must, without awaiting a discovery request, provide to the other parties: . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.").  Therefore, Defendants can either answer Interrogatory No. 12 fully and completely or provide Plaintiff with a copy of the self-insurance policy.  Accordingly, the court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 12.

> **Interrogatory No. 27:** Please state whether or not Defendant Holbrook, while being employed by Stevens Transport, Inc., ever received any training regarding the safety sensitive function of commercial motor vehicles including the driving of trucks, truck tractors, semi trailers, buses, or representative vehicle as involved in the instant case.  If so, please set forth the following information: a) The name and address of the person or entity providing the training.  b) The date or dates on which the training was given. c) The identity of the type of vehicles used during the training (truck tractors, trucks, semi trailers, etc.).  d) A full and complete description of the nature and extent of the training. e) Complete copy of training records required pursuant to controlled substance and alcohol use under 49 CFR § 382.601, § 382.603, § 382.605.

> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including subparts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants attach the driver manual and driver qualification file.

(ECF No. 20-2 at 14–15.)

The Court's Ruling:

In the context of Defendants' supernumerary objection, Fed. R. Civ. P. 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Id. Plaintiff argues that "Defendants have waived their ability to object to the number of interrogatories" since they "never refrained from answering an interrogatory in whole based solely on the number of the interrogatories." (ECF No. 20-1 at 4.) Some district courts have been receptive to this argument. See, e.g., Romanyk Consulting Corp. v. EBA Ernest Bland Assocs., P.C., C/A No. AW-12-2907, 2013 WL 3280030, at *6 (D. Md. June 26, 2013) ("By answering some interrogatories and not answering others, defendants waived their objection that plaintiff had exceeded the number allowed in the rule.") (Citation omitted); Allavherdi v. Regents of Univ. of N.M., 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."). However, other districts courts read Fed. R. Civ. P. 33 as expressly authorizing the

6

manner in which Defendants responded to Plaintiff's excessive interrogatories. See Wilkinson v. Greater Dayton Reg'l Transit Auth., No. 3:11cv00247, 2012 WL 3527871, at *2 (S.D. Ohio Aug. 14, 2012) ("The plain meaning of this Rule [33(b)(3)] permits a party to raise an objection, then answer the interrogatory without waiving the objection."); Schipper v. BNSF Ry. Co., No. 2:07-cv-02249-JWL-DJW, 2008 WL 2358748 (D. Kan. June 6, 2008) ("[T]he Meese decision is no longer good law. . . . Thus, a party may assert an objection and still respond to the interrogatory."). Upon consideration of the foregoing, the court in its discretion sustains Defendants' objection based on the excessive number of interrogatories.[1] In this regard, the court declines to strike any answers already provided to interrogatories numbered after 25, but will not order Defendants to provide further answers to interrogatories numbered after 25. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 27.

> **Interrogatory No. 35:** At any time while employed by Stevens Transport, Inc., has Defendant Holbrook ever been criticized, cautioned, or disciplined for any acts or omissions on his part relating to his job duties and performance. If so, please set forth the following information for each such occasion: a) The date and time. b) The name, address, employer, and job title of the person cautioning, criticizing, or disciplining. c) A full and complete description of each and every reason for such action, i.e., a full description of the act or omission. d) If penalized or disciplined, a full and complete description of the nature and extent of the discipline. e) Please identify all records relating to the criticism or discipline and the name and address of the custodian of these records. f) Complete copy of any audits and/or reviews of Holbrook's driver's record of duty status as required pursuant to 49 CFR §395.8.

---

[1] Plaintiff alternatively argues that "justice and equity" require the court to find that Defendants consented to the additional interrogatories because "they served more than 25 interrogatories on Plaintiff." (ECF No. 20-1 at 4.) To reach a number greater than 25 interrogatories for Defendants' First Set of Interrogatories to the Plaintiff, Plaintiff counted subparts separately. (See ECF No. 20-4.) However, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question for purposes of limits on interrogatories." Mezu v. Morgan State Univ., 269 F.R.D. 565, 572–73 (D. Md. 2010) (quoting 8A Charles Alan Wright et. al., Federal Practice and Procedure § 2168 (2d ed. 1994)). After considering the content of Defendants' interrogatories, the court is not persuaded that equity requires a finding that Defendants consented to responding to excessive interrogatories as retaliation in kind for the number of interrogatories they served on Plaintiff.

> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving these objections, the Defendants respond as follows: see driver qualification file.

(ECF No. 20-2 at 20–21.)

The Court's Ruling:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 35.

> **Interrogatory No. 36:** At any time while employed or being considered for employment by Stevens Transport, Inc., has Defendant Holbrook's job performance been evaluated? If so, please set forth the following information for each such evaluation: a) The date and time. b) The name, address, employer, and job title of the person performing the evaluation to include but not limited to investigation and inquiries as required under 49 CFR § 391.23. c) A full and complete description of the nature and extent of the evaluation. d) A full and complete description of the results of the evaluation. e) Please identify all documents relating to the evaluation and the name and address of the custodian of these documents.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving these objections, the Defendants respond as follows: see driver qualification file.

(ECF No. 20-2 at 21–22.)

The Court's Ruling:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 36.

> **Interrogatory No. 37:** At any time while employed by Stevens Transport, Inc., has Defendant Holbrook ever been involved in a motor vehicle accident or collision (excluding the collision made the subject matter of this litigation)

8

> whether he was acting within the line and scope of his employment or not. If so, please set forth the following information for each such accident or collision: a) The date and time of the collision. b) The city, county, and state in which the collision. c) A full and complete description of the collision. d) Whether Defendant Holbrook was found at fault. e) Whether Defendant Holbrook was given a ticket, and if so, the nature and type of offence. f) The extent of physical damage to the Defendant Holbrook's vehicle. g) A description of any physical damage to the vehicle of the other parties involved. h) A description of any bodily injury sustained by Defendant Holbrook. i) A full description of any bodily injuries, including fatalities, to other persons involved in the collision. j) If any disciplinary action was taken against Defendant Holbrook, a full and complete description. k) Please identify all records relating to said collisions and the name and address of the custodian of these records.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections: see driver qualification file.

(ECF No. 20-2 at 22–23.)

The Court's Ruling:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 37.

> **Interrogatory No. 38:** At anytime, since his employment with Stevens Transport, Inc., has Defendant Holbrook received any summons, tickets, citations for having violated any motor vehicle laws or ordinances (excluding parking tickets) whether acting within the line and scope of his employment or not. If so, please set forth the following information for each such ticket or violation: a) The date and time of the violation. b) The city, county, and state in which the violation occurred. c) A full and complete description of the nature and extent of the violation. d) The disposition and, if Defendant Holbrook was found guilty, the sentence and/or fine. e) Whether Stevens Transport, Inc. was aware of the violation as of January 29, 2013. f) A full and complete description of any action (including disciplinary action) taken by Stevens Transport, Inc. upon learning of the violation. g) Please identify any records relating to said violation and the name and address of the custodian of these records.

9

>ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving these objections, the Defendants respond as follows: see answer to Interrogatory No. 38.

(ECF No. 20-2 at 23–24.)

<u>The Court's Ruling</u>:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 38.

>**Interrogatory No. 55:** Please set forth at the time of the accident a) The tandem axel group weights b) Gross vehicle weight c) Description of the load, including weight, loading style, loading pattern, and placement in the 2013 Peterbilt.
>
>ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving these objections, the Defendants respond as follows: Defendant Stevens is searching for this information and will supplement this response.

(ECF No. 20-2 at 30–31.)

<u>The Court's Ruling</u>:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 55.

>**Interrogatory No. 62:** With regard to Defendant Holbrook's employment on January 29, 2013, please set forth the following information: a) The exact time when he came on duty. b) His assignment and job duties that day. c) His shifts and house that day under the employment of Stevens Transport, Inc. and any compensated work not under the employment of Stevens Transport, Inc. d) Name, address, and title of person(s) responsible for management, supervision, assigning and dispatching of Holbrook. e) Copy of the Driver's Record of Duty Status and Daily Inspection Reports pursuant to 49 CFR § 395.8 and 49 CFR § 396.11. f) All record of the trip(s) to include, but not limited to, weight receipts, fuel receipts, bills of lading, toll receipts, shipping documents, dispatch ledger,

10

> settlement sheets, telephone communication with Holbrook, telephone bill receipts, computer generated dispatch records and notes. g) The method of payment to Holbrook for his services to include, but not limited to, hourly rate, rate per mile, rate per ton mile, rate per day, rate per tip or salary. If mileage is the basis for payment, state the actual mileage or map mileage method is used. h) Total number of hours "On Duty" as defined under 49 CFR § 395.2(a)(1–9) and described duties. i) Number of hours "Driving" as defined under 49 C.F.R. § 395.2(b) to include points of origin and destination for each period "Driving". j) Rout traveled for each segment of "Driving" to include, but not limited to, street names, highway route numbers and stopping points. k) If sleeper berth (as defined under 49 CFR § 393.76) was used during these time periods, indicate hours of sleeper berth use as defined under 49 CFR § 395.2(f) and § 395.8.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving these objections, the Defendants respond as follows: see ee driver logs.

(ECF No. 20-2 at 34–36.)

The Court's Ruling:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 62.

> **Interrogatory No. 72:** For the two year period immediately prior to January 29, 2013, please set forth the following information: a) The total number of motor vehicle accidents without injuries involving Stevens Transport, Inc. trucks. b) The total number of motor vehicle accidents with injuries involving Stevens Transport, Inc. trucks. c) The total number of motor vehicle accidents with a fatality involving Stevens Transport, Inc. trucks. d) Please identify all records relating to the above motor vehicle accidents to include, but not limited to reports required pursuant to 49 CFR, Part 394 (MCS-50-T Reports), and the name and address of the custodian.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections: this information is public record at the safer.fmcsa.dot.gov website.

11

(ECF No. 20-2 at 40–41.)

<u>The Court's Ruling</u>:

For the reasons stated in the ruling regarding Interrogatory No. 27, the court sustains Defendants' objection based on the excessive number of interrogatories.  Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Interrogatory No. 72.

> **Request for Production No. 3:** Copies of any and all statements given by either eyewitnesses or other witnesses, whether written, oral, summarized, or otherwise reproduced in any manner, pertaining to the incident that is the subject of this action.
>
> RESPONSE: Defendants are not in possession of any documents responsive to this request.

(ECF No. 20-3 at 3.)

<u>The Court's Ruling</u>:

The court cannot compel Defendants to produce documents they do not possess.  <u>See</u>, <u>e.g.</u>, <u>Payless Shoesource Worldwide, Inc. v. Target Corp.</u>, No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.") (Citation omitted).  Therefore, the court **DENIES** Plaintiff's Motion to Compel as it relates to Request for Production No. 3.  If Defendants procure any statements referenced by Request for Production No. 3, they should produce such statements to Plaintiff.

> **Request for Production No. 17:** Copies of Defendant Stevens Transport, Inc.'s record of all D.O.T. recordable accidents containing at least the information required to be listed by 49 CFR § 390.15(b) and additional accidents and information that may be noted on your historical record, all for the previous year.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26, FRCP, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time

and scope and not reasonably calculated to lead to the discovery of admissible evidence.

(ECF No. 20-3 at 6.)

The Court's Ruling:

In addition to their objections, Defendants assert that documentation responsive to Request for Production No. 17 is "wholly irrelevant to the claims and defenses in this case." (ECF No. 24 at 14.) Plaintiff responds that documentation responsive to Request for Production No. 17 shows "'the existence of similar past conduct' and 'defendant's awareness or concealment,' both factors of which are relevant in determining punitive damages." (ECF No. 20-1 at 15 (citing Gamble v. Stevenson, 406 S.E.2d 350, 354 (S.C. 1991)).) Upon consideration of the parties' respective positions, the court finds that Plaintiff has established the discoverability of documents responsive to Request for Production No. 17 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Request for Production No. 24:** Copies of Defendant Holbrook's citations, complaints, commendations or disciplinary actions taken by Stevens Transport, Inc. or any government agency.
>
> RESPONSE: See driver file.

(ECF No. 20-3 at 8.)

The Court's Ruling:

Plaintiff asserts that documents responsive to Request for Production No. 24 were not included in materials already produced by Defendants. (ECF No. 20-1 at 19.) Defendants respond that Holbrook's driver file is responsive to Request for Production No. 24 since it is maintained "for purposes of evaluating and retaining information" about Holbrook. (ECF No. 24 at 15.) Since Defendants' position is that documents responsive to Request for Production No. 24 have already been produced, the court **GRANTS** Plaintiff's Motion to Compel, but will only

require Defendants to identify by Bates number, or otherwise specify, the documents responsive to Request for Production No. 24 that have already been produced. If documents responsive to Request for Production No. 24 have not been produced, Defendants should produce responsive documents or appropriately indicate that no such documents exist.

> **Request for Production No. 40:** Copies of Defendant Stevens Transport, Inc.'s record of any and all accidents that may not be included in the required D.O.T. Recordable Record file related to the subject driver and vehicles. Records should be accompanied to by all investigation documents and preventability determination by company management.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26, FRCP, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

(ECF No. 20-3 at 12.)

The Court's Ruling:

In addition to their objections, Defendants assert that documentation responsive to Request for Production No. 40 is "wholly irrelevant to the claims and defenses in this case." (ECF No. 24 at 14.) Plaintiff responds that documentation responsive to Request for Production No. 40 "is relevant to punitive damages, standards of care and the employment status of Mr. Holbrook." (ECF No. 20-1 at 19 (citation omitted).) Upon consideration of the parties' respective positions, the court finds that Plaintiff has established the discoverability of documents responsive to Request for Production No. 40 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Request for Production No. 43:** Copies of Stevens Transport, Inc.'s Accident Review Committee (or others) minutes, memos, reports and documents relied upon in their review of this accident and Defendant Holbrook for any other crash, along with their conclusions as to preventability and recommendations.
>
> RESPONSE: Defendants are not in possession of any documents responsive to this request.

14

(ECF No. 20-3 at 13.)

The Court's Ruling:

The court cannot compel Defendants to produce documents they do not possess. See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.") (Citation omitted). Therefore, the court **DENIES** Plaintiff's Motion to Compel as it relates to Request for Production No. 43. If Defendants procure any documents referenced by Request for Production No. 43, they should produce such documents to Plaintiff.

> **Request for Production No. 50:** Copies of schedule and agendas (with description of materials utilized) of previous driver safety meetings or training sessions during Defendant Holbrook's employment or working relationship with Stevens Transport, Inc. for the five years prior to this accident.
>
> RESPONSE: See driver file.

(ECF No. 20-3 at 15.)

The Court's Ruling:

Defendants contend that documents responsive to Request for Production No. 50 can be found in Holbrook's driver file. Since Defendants' position is that documents responsive to Request for Production No. 50 have already been produced, the court **GRANTS** Plaintiff's Motion to Compel, but will only require Defendants to identify by Bates number, or otherwise specify, the documents responsive to Request for Production No. 50 that have already been produced. If documents responsive to Request for Production No. 50 have not been produced,

Defendants should produce responsive documents or appropriately indicate that no such documents exist.

> **Request for Production No. 59:** Copies of the Interstate Commerce Commission (ICC), Federal Highway Administration (FHWA), Federal Motor Carrier Safety Administration (FMCSR) or any other federal government motor carrier certificate or permit authorizing for hire interstate transportation, as well as copy of the OP-1 application form for Defendant Stevens Transport, Inc. or Defendant Holbrook.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections: this information is readily accessible at http://safer.fmcsa.dot.gov website.

(ECF No. 20-3 at 16–17.)

The Court's Ruling:

Plaintiff asserts that documents responsive to Request for Production No. 59 are relevant to determining Holbrook's employment status and the type of interstate commerce he and STI were engaged in at the time of the accident. (ECF No. 20-1 at 20.) Plaintiff further asserts that Defendants are incorrect that documents responsive to Request for Production No. 59 can be found at the SAFER website. Upon consideration of the parties' respective positions, the court finds that Plaintiff has established the discoverability of documents responsive to Request for Production No. 59 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Request for Production No. 60:** Copies of the most recent USDOT MCS-150 form that was submitted by Stevens Transport, Inc. prior to this accident.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections: this information is readily accessible at http://safer.fmcsa.dot.gov website.

(ECF No. 20-3 at 17.)

<u>The Court's Ruling</u>:

Plaintiff asserts that documents responsive to Request for Production No. 60 are relevant to determining Holbrook's employment status and the type of interstate commerce he and STI were engaged in at the time of the accident. (ECF No. 20-1 at 20.) Plaintiff further asserts that Defendants are incorrect that documents responsive to Request for Production No. 60 can be found at the SAFER website. Upon consideration of the parties' respective positions, the court finds that Plaintiff has established the discoverability of documents responsive to Request for Production No. 60 and, therefore, **GRANTS** the Motion to Compel as to this request.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** William Montague Nix, Jr.'s Motion to Compel as to First Set of Interrogatories No. 12 and First Set of Requests for Production Nos. 17, 24, 40, 50, and 59–60. Within fourteen (14) days of the entry date of this Order, Defendants shall provide its answer to Plaintiff's First Set of Interrogatories No. 12 and produce documents responsive to the First Set of Requests for Production Nos. 17, 24, 40, 50, and 59–60. The court **DENIES** Plaintiff's Motion to Compel as to First Set of Interrogatories Nos. 12, 27, 35–38, 55, 62 and 72 and First Set of Requests for Production Nos. 3 and 43.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 20, 2015
Columbia, South Carolina