UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| William Montague Nix, Jr., | ) | Civil Action No. 5:13-02173-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Bennie Glenn Holbrook and Stevens Transport, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Plaintiff William Montague Nix, Jr. ("Plaintiff"), filed this action against Defendants Bennie Glenn Holbrook ("Holbrook") and Stevens Transport, Inc. ("STI"), (collectively "Defendants"), seeking to recover damages for injuries suffered when the car Plaintiff was driving collided with a tractor-trailer operated by Holbrook and owned by STI. (ECF No. 41.)

      This matter is before the court on Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's Supplemental Discovery Requests seeking "full and complete responses" to Plaintiff's First Supplemental Requests for Production and First Supplemental Set of Interrogatories and Requests for Production. (ECF No. 21.) Defendants oppose Plaintiff's Motion to Compel. (ECF No. 25.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel.

      **I.     RELEVANT BACKGROUND TO PENDING MOTION**

      Plaintiff alleges that on January 29, 2013, he was injured while driving "south on Interstate 95 when suddenly and without warning the tractor-trailer owned by . . . [STI] and operated by the . . . Holbrook, began backing up in the emergency lane then suddenly and without warning extended into the lanes of travel on Interstate 95, causing the trailer of the Defendants' tractor-trailer to improperly obstruct both south-bound lanes of Interstate 95 and

causing the Defendants' trailer to collide with the Plaintiff's vehicle." (ECF No. 41 at 2 ¶ 8.) As a result of the injuries he sustained, Plaintiff commenced a negligence action against Defendants on July 12, 2013 in the Orangeburg County (South Carolina) Court of Common Pleas. (ECF No. 1-1.) On August 12, 2013, Defendants removed the action to this court asserting "diversity of citizenship between the party Plaintiff and the party Defendants pursuant to 28 U.S.C. §1332" and that "the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00." (ECF No. 1 at 2 ¶¶ 4, 6.)

On February 7, 2014, Defendants provided Plaintiff with responses to his First Supplemental Requests for Production. (ECF No. 21-2 at 3.) On June 13, 2014, Defendants provided Plaintiff with answers and responses to Plaintiff's First Supplemental Set of Interrogatories and Requests for Production. (ECF No. 21-3 at 9.) Upon review of Defendants' discovery answers and responses, Plaintiff found insufficient Defendants' responses to First Supplemental Requests for Production Nos. 1–3, answers and responses to First Supplemental Set of Interrogatories Nos. 1–4 and First Supplemental Requests for Production Nos. 5–17. (ECF No. 21 at 2 (referencing ECF Nos. 21-2, 21-3).) As a result, Plaintiff filed the instant Motion to Compel on June 26, 2014. (Id.) Defendants filed a Response to Plaintiff's Motion to Compel Discovery Responses to First Supplemental Interrogatories and Requests to Produce on July 14, 2014, requesting that the court deny the Motion to Compel. (ECF No. 25.) On July 22, 2014, Plaintiff filed a Reply arguing that his Motion to Compel should be granted because his discovery requests were reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 29.)

On December 16, 2014 and January 5, 2015, the court heard argument from the parties on the pending Motion to Compel. (ECF Nos. 73, 77.)

## II.     LEGAL STANDARD

A.     Discovery Generally

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "For purposes of discovery, then, information is relevant, and thus discoverable, if it 'bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" Amick v. Ohio Power Co., No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D. W. Va. Feb. 5, 2014) (citing Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000)). "Although 'the pleadings are the starting point from which relevancy and discovery are determined . . . [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" Id. (citing Kidwiler, 192 F.R.D. at 199). "Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." Id. "Therefore, courts broadly construe relevancy in the context of discovery." Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the

3

discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.     Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III.     ANALYSIS

Plaintiff seeks to compel responses to First Supplemental Requests for Production Nos. 1–3, answers to First Supplemental Set of Interrogatories Nos. 1–4 and First Supplemental Requests for Production Nos. 5–17. (ECF No. 21 at 2 (referencing ECF Nos. 21-2, 21-3).) The court addresses each disputed discovery request in turn as follows:

> **Supplemental Request for Production No. 1:** Please produce a copy of the documents setting forth the financial condition of Defendant Steven(sic) Transport, Inc. for the years 2007, 2008, 2009, 2010, 2011, 2012 and 2013 including but not limited to, a balance statement of revenues and expenses and its federal and state tax returns.

> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

(ECF No. 21-2 at 2.)

The Court's Ruling:

Plaintiff contends that the documentation requested in Supplemental Request for Production No. 1 "is relevant in determining the amount of punitive damages." (ECF No. 21-1 at 5.) In considering the merits of this position, the court notes that it has already agreed with Plaintiff that he is entitled to discover STI's current financial status as it relates to the issue of punitive damages. (See ECF No. 89 at 9.) However, the court declines at this time to require production of sensitive financial documents until after Plaintiff has established the viability of his claim for punitive damages. See, e.g., Robinson v. Quicken Loans Inc., C/A No. 3:12-0981, 2013 WL 1704839, at *4 (S.D. W. Va. Apr. 19, 2013) ("This Court agrees with those authorities requiring plaintiffs to make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records."); E.E.O.C. v. Maha Prabhu, Inc., 3:07-CV-111-RJC-DCK, 2008 WL 4126681, at *4 (W.D.N.C. July 18, 2008) (holding that tax returns are relevant to a punitive damages claim only after a plaintiff makes a prima facie showing that it is entitled to punitive damages); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993) (court deferred production of financial information until after punitive damages claim survives a motion to dismiss or for summary judgment). Therefore, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as to Supplemental Request for Production No. 1. If Plaintiff's punitive damages claim survives a summary judgment motion, he may file a renewed motion to compel production of current financial documents within seven (7) days after the filing date of any order disposing of the summary judgment motion. If no

summary judgment motion is filed by the dispositive motion deadline, Plaintiff may file a renewed motion to compel production of current financial documents within seven (7) days after that deadline. See SMD Software, Inc. v. EMove, Inc., No. 5:08-CV-403-FL, 2010 WL 2232261, at *4 (E.D.N.C. June 2, 2010) (imposing similar protocol with respect to dispositive motions for plaintiff's pursuit of production of defendants' tax returns).

> **Supplemental Request for Production No. 2:** Please produce a copy of Defendant Holbrook's federal and state tax returns for the years through 2007 through 2013.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

(ECF No. 21-2 at 2.)

The Court's Ruling:

Plaintiff asserts that Holbrook's financial documentation requested in Supplemental Request for Production No. 2 establishes his "net worth and ability to pay potential punitive damages" and provides insight into the nature of his employment relationship with STI. (ECF No. 21-1 at 6–7.) For the reasons stated in the ruling regarding Supplemental Request for Production No. 1, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as to Supplemental Request for Production No. 2.

> **Supplemental Request for Production No. 3:** Please produce a copy of all W-2's, 1099's, or other documents in the care, custody or control of either Defendant which sets out the compensation paid to Bennie Glenn Holbrook by Stevens Transport, Inc. or any other source for the years 2007 through 2013.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure, on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

(ECF No. 21-2 at 3.)

The Court's Ruling:

Plaintiff asserts that Holbrook's financial documentation requested in Supplemental Request for Production No. 3 establishes his "net worth and ability to pay potential punitive damages" and provides insight into the nature of his employment relationship with STI. (ECF No. 21-1 at 6–7.)  For the reasons stated in the ruling regarding Supplemental Request for Production No. 1, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as to Supplemental Request for Production No. 3.

> **Supplemental Interrogatory No. 1:** Please set forth Stephen Smith's full names, last known address, date of birth, place of birth, driver's license number and state of issue, and social security number.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent. Without waiving this objection: Stephen Smith's last known address will be supplemented.

(ECF No. 21-3 at 2–3.)

The Court's Ruling:

The court notes that it previously sustained Defendants' supernumerary objection to having to answer more than 25 written interrogatories. (See ECF No. 96 at 6.) In support of the instant Motion to Compel, Plaintiff's only new argument is that Defendants waived their ability to object to his interrogatories because their "objections were not made with any degree of particularity" as required by Fed. R. Civ. P. 33. (ECF No. 21-1 at 4.) Upon consideration of the parties' respective positions, the court continues to sustain Defendants' objection based on the

7

excessive number of interrogatories. In this regard, the court declines to strike any answers already provided by Defendants to Plaintiff's supplemental interrogatories, but will not order Defendants to provide further answers to Plaintiff's supplemental interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Supplemental Interrogatory No. 1.

> **Supplemental Interrogatory No. 2:** At the time of the collision on January 29, 2013, was Stephen Smith an employee of Defendant Stevens Transport, Inc. ("Stevens")? If not, please set forth the name, address and principle place of business of Stephen Smith's employer.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Without waiving any objections: Yes.

(ECF No. 21-3 at 3.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Interrogatory No. 1, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Supplemental Interrogatory No. 2.

> **Supplemental Interrogatory No. 3:** Please identify all documents in the care, custody, or control of Stevens which relate to Stephen Smith's employment relationship with Stevens and/or his job duties on January 29, 2013, including, but not limited to employment applications, Driver's Qualification File, medical records, criminal records check, driving record, tax records, payroll records, etc.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Interrogatory No. 1, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Supplemental Interrogatory No. 3.

> **Supplemental Interrogatory No. 4:** With regard to Stephen Smith's employment with Stevens Transport, Inc., please set forth the following information: the date of his initial application for employment; the date on which his application was initially submitted; the date on which he was initially hired; his initial job duties; since his initial date of hire, each job position he has help with Stevens Transport, Inc., since his initial date of hire, the name and address of his immediate supervisor; and his job title and specific assignment(s) on January 29, 2013.
>
> ANSWER: The Defendants object to this request pursuant to Rules 26 and 33, FRCP, on the grounds that the total number of interrogatories (including sub-parts) to each Defendant exceeds 25 without consent or court order. Defendants further object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent. Without waiving these objections: Mr. Smith was a commercial truck driver receiving on the road familiarization training at the time of the subject accident.

(Id. at 3–4.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Interrogatory No. 1, the court sustains Defendants' objection based on the excessive number of interrogatories. Accordingly, the court **DENIES** Plaintiff's Motion to Compel as to Supplemental Interrogatory No. 4.

> **Supplemental Request for Production No. 5:** Copies of all documents identified in response to Plaintiff's Second Supplemental Set of Interrogatories and Requests for Production to Defendants.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably

calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent.

(Id. at 4.)

The Court's Ruling:

The court notes that the only reference to a document titled Plaintiff's Second Supplemental Set of Interrogatories and Requests for Production to Defendants is in Supplemental Request for Production No. 5. The parties have neither attached this document to their respective submissions, nor put forth argument regarding how this specific discovery document is relevant to Plaintiff's pending Motion to Compel. Therefore, because Plaintiff's Second Supplemental Set of Interrogatories and Requests for Production to Defendants does not appear to relate to the instant motion, the court **DENIES** Plaintiff's Motion to Compel as to Supplemental Request for Production No. 5.

> **Supplemental Request for Production No. 6:** Copies of any and all statements given by Stephen Smith which are in the possession of the parties or parties' attorneys, whether written, oral, summarized, recorded on an tape recorder, or otherwise reproduced in any manner pertaining to the incident that is the subject matter of this action.
>
> RESPONSE: Defendants are not in possession of any written or recorded statements of Stephen Smith.

(Id. at 5.)

The Court's Ruling:

The court cannot compel Defendants to produce documents they do not possess. See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to

10

produce documents that do not exist.") (Citation omitted).  Therefore, the court **DENIES** Plaintiff's Motion to Compel as it relates to Supplemental Request for Production No. 6.  If Defendants procure any statements referenced by Supplemental Request for Production No. 6, they should produce such statements to Plaintiff.

> **Supplemental Request for Production No. 7:** Copies of Stephen Smith's U.S.D.O.T. Qualification File including all documents required to be maintained pursuant to the Federal Motor Carrier Safety Regulations, 49 CFR § 350.101, et seq.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent.

(ECF No. 21-3 at 5.)

The Court's Ruling:

Plaintiff asserts that Stephen Smith was in the tractor-trailer operated by Holbrook on January 29, 2013.  (ECF No. 21-1 at 8.)  Plaintiff asserts that Smith's employment information is necessary to "address any inconsistencies or discrepancies" between Smith and Holbrook in terms of their respective employment statuses and how the company applied its policies and procedures after the accident.  (Id. at 9.)  In addition, Plaintiff asserts that Smith's employment information may provide relevant information to evaluate Holbrook's credibility, the extent of his fatigue at the time of the accident, and the accident's preventability.  (Id.)  Defendants object to this and all remaining supplemental requests for production arguing that they are "not relevant to the issue of whether Mr. Holbrook breached his duty of care" and are "not otherwise reasonably calculated to lead to the discovery of admissible evidence."  (ECF No. 25 at 12.)  Defendants further argue that documents responsive to these requests contain Smith's

11

confidential and personal information. (Id.) Upon consideration of the parties' respective positions, the court is persuaded that documents detailing Smith's employment with STI are relevant to the claims and defenses in this action, and such relevance outweighs the burden imposed on Defendants in producing them. The court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 7 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 8:** Copies of Stephen Smith's Road Test(s).
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent.

(ECF No. 21-3 at 5.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 8 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 9:** Copies of the personnel files for Stephen Smith containing any and all documents other than those required by the U.S.D.O.T. and/or the Federal Motor Carrier Safety Regulations, 49 CFR § 350.101, et seq.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment

information without his written consent.

(Id. at 6.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 9 and, therefore, **GRANTS** the Motion to Compel as to this request. Defendants shall respond to Supplemental Request for Production No. 9 pursuant to a confidentiality order agreed upon by the parties.

> **Supplemental Request for Production No. 10:** Copies of Stephen Smith's Daily Hours of Service log sheets for the month prior to this incident.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith is no longer employed with Stevens Transport and is not a named party to this action and Defendant Stevens Transport will not release his employment information without his written consent.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 10 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 11:** If Stephen Smith is exempt from maintaining a daily log sheet, provide copies of Stephen Smith's record of time worked each day for the month prior this incident, maintained by either Defendant Stevens Transport, Inc. or Stephen Smith.
>
> RESPONSE: Not applicable.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 11 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 12:** Copies of documents developed in the course of business that are used to verify the accuracy of the driver's log records listed in numbers 10 and 11, above, such as fuel purchase receipts, credit card printouts showing dates and times, position history reports, vehicle on-board computer printouts, motel receipts, repair receipts, toll receipts, scale receipts, roadside inspections, bills of lading and shipping documents, etc., such as may be required by federal and state tax agencies for the purpose of expense deduction verification.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith was in training with Stevens Transport.

(Id. at 7.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 12 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 13:** Copies of Stephen Smith's truck mileage and fuel purchase records, sometimes referred to as a Driver's Trip Record or Individual Mileage Record, for the month prior to this accident.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably

> calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith was in training with Stevens Transport.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 13 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 14:** Copies of the supporting receipts for the records described in number 13, above, including, but not limited to, fuel purchase receipts, computer summary reports of fuel purchases, credit card account statements for Stephen Smith and vehicle (e.g. EFS, Comdata), repair receipts, weight scale receipts and toll receipts.
>
> RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith was in training with Stevens Transport.

(Id. at 7–8.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 14 and, therefore, **GRANTS** the Motion to Compel as to this request.

> **Supplemental Request for Production No. 15:** Copies of any and all correspondence between Defendant Stevens Transport, Inc. and Stephens Smith regarding this incident and citations, complaints or disciplinary action taken, including, but not limited to, any documents that are a part of or related to the Accident Review Policy process referred to on page "D-4" of Defendant Stevens Transport, Inc.'s Drivers Manual, produced in this action by the Defendants and Bates stamped "Stevens 856".

>   RESPONSE: Defendants are not in possession of any documents responsive to this request.

(Id. at 8.)

The Court's Ruling:

The court cannot compel Defendants to produce documents they do not possess. See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.") (Citation omitted). Therefore, the court **DENIES** Plaintiff's Motion to Compel as it relates to Supplemental Request for Production No. 15. If Defendants procure any documents referenced by Supplemental Request for Production No. 15, they should produce such documents to Plaintiff.

>   **Supplemental Request for Production No. 16:** Copies of dispatch records for Stephen Smith and his vehicle for the month prior to this incident.
>
>   RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Smith was in training with Stevens Transport.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 16 and, therefore, **GRANTS** the Motion to Compel as to this request.

>   **Supplemental Request for Production No. 17:** Copies of Stephen Smith's call-in records to dispatch showing date, time and location for the month prior to this

16

incident.

RESPONSE: Defendants object to this request pursuant to Rule 26 of the Federal Rules of Civil Procedure on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Mr. Smith was in training with Stevens Transport.

(Id.)

The Court's Ruling:

For the reasons stated in the ruling regarding Supplemental Request for Production No. 7, the court finds that Plaintiff has established the discoverability of documents responsive to Supplemental Request for Production No. 17 and, therefore, **GRANTS** the Motion to Compel as to this request.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** William Montague Nix, Jr.'s Motion to Compel as to First Supplemental Requests for Production Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.  Within fourteen (14) days of the entry date of this Order, Defendants shall produce documents responsive to the aforementioned supplemental requests for production.  The court **DENIES** Plaintiff's Motion to Compel as to First Supplemental Set of Interrogatories Nos. 1, 2, 3, and 4 and First Supplemental Requests for Production Nos. 5 and 6.  The court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as to First Supplemental Requests for Production Nos. 1, 2, and 3.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 25, 2015
Columbia, South Carolina

17