# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| William Montague Nix, Jr., | ) | Civil Action No. 5:13-cv-02173-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Bennie Glenn Holbrook and Stevens Transport, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff William Montague Nix, Jr. ("Plaintiff"), filed this action against Defendants Bennie Glenn Holbrook ("Holbrook") and Stevens Transport, Inc. ("STI"), (collectively "Defendants"), seeking to recover damages for injuries suffered when the car Plaintiff was driving collided with a tractor-trailer operated by Holbrook and owned by STI. (ECF No. 41.)

This matter is before the court pursuant to Defendants' Motion for Reconsideration requesting that the court reconsider its February 13, 2015 Order (the "February Order"[1]) based on Federal Rules of Civil Procedure 54 and 60. (ECF No. 94 (referencing ECF No. 91).) In the February Order, the court denied STI's Motion for Protective Order thereby requiring its Rule 30(b)(6) deponent, Bill Tallent, to answer the following questions: "Did Stevens speak to anyone or consult with anyone in the field of accident reconstruction about this accident? What is the name of the person that Stevens has spoken to?". (ECF No. 91 at 11.) In addition, the court found that exceptional circumstances justified requiring STI "to (1) either provide facts known and opinions held by any non-testifying, consulting expert identified by Tallent or (2) produce post-accident reconstruction investigation information developed by STI's independent adjuster at the accident scene." (Id.) As the basis for their Motion for Reconsideration, Defendants assert

---

[1] A detailed recitation of this matter's relevant factual and procedural background can be found in the February Order. (See ECF No. 91.)

that the court should reconsider the February Order because exceptional need is not present since (1) Plaintiff's own accident reconstruction engineer "personally inspected, mapped and photographed the scene" just 5 days after the accident," and (2) "manifest injustice would result from any forced disclosure of the opinions held by a non-testifying expert." (ECF No. 94 at 3.)

Plaintiff opposes the instant Motion for Reconsideration arguing that the court should deny the motion because (1) the motion relies on arguments "substantially similar to those set forth in [Defendants'] other memorandum filed throughout the case" (ECF No. 109 at 3); (2) the motion "attempts to relitigate issues already rule[d] upon by this Court" (id. at 4); (3) the motion fails to establish the applicability of the work product doctrine to shield the information from discovery (id. at 4–5); and (4) the motion fails to address the issue that "Plaintiff has not been able to obtain the same facts which were obtained by STI at the scene of this collision immediately after this collision." (Id. at 7.)

For the reasons set forth below, the court **DENIES** Defendants' Motion for Reconsideration.

## I.     LEGAL STANDARD

A.     Standard for Reconsideration under Fed. R. Civ. P. 54

Fed. R. Civ. P. 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id. The "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy

Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).  This power of reconsideration is committed to the discretion of the district court.  See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

The Fourth Circuit has offered little guidance on the standard for evaluating a Fed. R. Civ. P. 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514; see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54").  In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Fed. R. Civ. P. 54 motion, look to the standards of motions under Fed. R. Civ. P. 59 for guidance.  See U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); Akeva L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005).  Therefore, reconsideration under Fed. R. Civ. P. 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice.  Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing Am. Canoe Ass'n, 326 F.3d at 514). Furthermore, motions to reconsider "may not be used to make arguments that could have been made before the judgment was entered."  Hill v. Braxton, 277

F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. R.E. Goodson, 2006 WL 1677136, at *1 (citing Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

B.      Standard for Reconsideration under Fed. R. Civ. P. 60

Fed. R. Civ. P. 60(b) allows a party to obtain relief from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313.

## II.     ANALYSIS

The court initially observes that Rule 60 is inapplicable and Rule 54 controls the analysis because the denial of a protective order is considered an interlocutory order, rather than a final judgment. See, e.g., In re La. Route Operators, Inc., C/A No. 94-2642, 1994 WL 449373, at *1 (E.D. La. Aug. 17, 1994) ("There is no dispute that denial of the motion for protective order is not a final judgment, order or decree, but rather, is an interlocutory order."). In this regard, the court has considered the parties' arguments and is not convinced that it should reconsider the

February Order based on the work product arguments by Defendants that have already been considered and rejected.  The court is further unpersuaded by Defendants' new argument that they should not have to produce post-accident reconstruction investigation information developed by STI's independent adjuster because Plaintiff's own accident reconstruction engineer had access to the relevant area 5 days after the accident.  The court reiterates that the basis for its exceptional circumstances finding in the February Order is that STI's independent adjuster gathered evidence by being "at the scene of the collision immediately after the incident, presumably while vehicles were in the roadway, [and] witnesses were present, . . . ."  (ECF No. 91 at 11 (citing ECF No. 31 at 7).)  This finding is justified due to the extraordinarily superior nature of evidence collected by STI's independent adjuster immediately after the accident versus the evidence that was collected by Plaintiff's representative 5 days after the accident.  Cf. United States v. Wages, 271 F. App'x 726, 727 (10th Cir. 2008) (Exceptional circumstances means "being out of the ordinary: uncommon, rare."); United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991) (stating that exceptional circumstances are "a unique combination of circumstances giving rise to situations that are out of the ordinary, . . . ."); Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) ("'Exceptional circumstances' means 'unusual and extreme situations where principles of equity mandate relief' and a party must show that absent relief, extreme and undue hardship will result").  Therefore, the court's conclusion remains unchanged on the aforementioned issue.  Accordingly, the court must deny Defendants' Motion for Reconsideration.

### III.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' Motion for Reconsideration of the court's Order entered on February 13, 2015.  (ECF No. 94.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 30, 2015
Columbia, South Carolina